# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>RICHARD T. SHEEHAN,<br><br>Debtor. | Case No. 20-20054-7 |
| **SHELLI R. FRAZIER and SHELLI FRAZIER as the Natural Parent and Guardian of D▮▮▮▮ R. S▮▮▮▮▮,**<br><br>Plaintiffs,<br><br>-vs-<br><br>**RICHARD T. SHEEHAN,**<br><br>Defendant(s). | **PRETRIAL ORDER**<br><br>Adversary No. 20-02005 |

Pursuant to the Order dated July 22, 2020 and the Pretrial Conference held on November 10, 2020 at 10:30 a.m., Jane E. Cowley represented Shelli R. Frazier, in her individual capacity and as the natural parent and guardian of D.R.S. ("Shelli Frazier" or "Plaintiff"), and Edward A. Murphy represented Richard T. Sheehan ("Richard Sheehan" or "Defendant").

I. **GENERAL NATURE OF THE ACTION AND THE RELIEF SOUGHT BY EACH PARTY.**

Plaintiffs brought this action requesting the Court to determine that the debt owed by Defendant is not dischargeable in bankruptcy, and they seek to have the debt affirmed.

Defendant asserts that there are no grounds for determining the debt nondischargeable.

**II. SUBJECT MATTER JURISDICTION AND WHETHER THE CASE IS CORE OR NONCORE, AND IF CORE, WHETHER THE COURT CAN ENTER FINAL ORDERS AND JUDGMENT. IF THESE MATTERS ARE DISPUTED, THE POSITIONS OF EACH OF THE PARTIES SHOULD BE EXPLAINED. ALSO, CONFIRM THAT EACH PARTY HAS CONSENTED TO THE JURISDICTION OF THE BANKRUPTCY COURT.**

This is a core proceeding as it involves the determination as to the dischargeability of a particular debt. 28 U.S. Code § 157(b)(2)(I).

Each party consents to the jurisdiction of the Bankruptcy Court.

**III. SET FORTH ANY STIPULATED FACTS.**

There are no stipulated facts.

**IV. PLAINTIFF'S CONTENTIONS.**

1) Richard Sheehan filed suit against Shelli Frazier in her individual capacity and as natural parent and guardian of D.R.S. on July 31, 2015 seeking money damages and to have real property conveyed to Richard Sheehan.

2) Shelli Frazier answered and counterclaimed to quiet title in her name and asking for money damages.

3) The District Court entered its Judgment Quieting Title on November 3, 2017, awarding the property to Shelli Frazier and granting a

portion of the property to Richard Sheehan as a life estate. No money damages were awarded to either party.

4) In July 2018, Shelli Frazier moved for the enforcement of the Judgment Quieting Title.

5) On October 26, 2018, after a show cause hearing, the District Court issued an Order, including an award of attorneys' fees to Shelli Frazier.

6) Richard Sheehan applied for a writ of review to the Montana Supreme Court seeking to void the October 26, 2018 Order.

7) The Montana Supreme Court denied the application on January 15, 2019.

8) Richard Sheehan than sought recission of the Montana Supreme Court's Order. That request was denied on February 19, 2019.

9) With the matter back before the District Court, an Order was issued on July 16, 2019 awarding Shelli Frazier her attorneys' fees and costs.

10) Richard Sheehan was given ninety (90) days to address the attorneys' fees and costs from the date of the Order, and thereafter Shelli Frazier would be allowed to execute on the Order.

11) Richard Sheehan did not make payment.

12) Worse, he also continued to cause damage and cost Shelli Frazier additional costs relative to the real property and towards the attorneys' fees.

13) Those issues were once again brought before the District Court. An Order was issued on January 30, 2020, which, among other things, awarded Shelli Frazier Four Thousand Seventy and no/100 U.S. Dollars ($4,070.00) in costs for cleaning up the real property based on the debris left outside the life estate on December 5, 2018.

14) Richard Sheehan petitioned this Court on February 27, 2020 for a Chapter 7 Bankruptcy.

15) On March 16, 2020, Richard Sheehan filed his summary of assets and liabilities identifying a Ten Thousand and no/100 U.S. Dollars ($10,000.00) unsecured debt to Shelli Frazier, and a Ten Thousand and no/100 U.S. Dollars ($10,000.00) unsecured debt to Shelli Frazier's daughter (who is Richard Sheehan's granddaughter).

16) Shelli Frazier filed Proof of Claims for the two debts owed to her and her daughter by Richard Sheehan on June 9, 2020. The Proof of Claims confirm that without interest, attorneys' fees, or costs, Richard Sheehan owes Shelli Frazier Four Thousand Seventy and no/100 U.S. Dollars ($4,070.00) under one Order and Ten Thousand Two Hundred

Eighty-Six and 41/100 U.S. Dollars ($10,286.41) under the other.

17) The record in the District Court case makes it clear that Richard Sheehan owes these judgments based on his own malicious conduct and the damage he did to the real property owned by Shelli Frazier and her daughter.

18) Richard Sheehan's damage to the property was intentional. He testified before the Court in October 2018 that he felt he had no obligation to clean up the debris he scattered around the property. The Court specifically noted Richard Sheehan was refusing to do what he had agreed to do, and what the Court had ordered him to do. (Ex. 4, p. 4.)

19) His damage after the October 2018 hearing was equally intentional.

20) Shelli Frazier witnessed him driving over water pipes and destroying the septic system and noted that water and electricity were not properly shut off when he was moving out of the property.

21) She witnessed the destruction to trees and fences and the garbage and debris strewn across the property.

22) The District Court specifically found that Richard Sheehan "committed gratuitous waste and damage, including damage to wires and water lines, using heavy equipment forks to repeatedly stab into the septic

tank and/or drainage field, and cut down fruit trees." (Exhibit 7, p. 4, ¶ 12.)

23) Richard Sheehan's willful and malicious injury to Shelli Frazier's property has created extreme financial distress for Shelli Frazier and has forced her to pay from her own funds and with her own labor to mitigate against the damage.

24) The damage to the property includes, but is not limited to:

    a)     the extreme waste left on the property and the associated dump fees for removing it;

    b)     destruction of the septic system, and the associated costs for identifying the extent of the damage and paying to repair or replace the system;

    c)     removal of power lines, and the cost to replace the same;

    d)     crushing of underground pipes, and the cost to replace the same;

    e)     removal of a fence, and the cost to repair the same;

    f)     removal of gates, and the cost to replace the same;

    g)     stripping a steel barn down to the poles, and the cost to reside the same;

    h)     destruction of fruit trees; and

    i)     delimbing other trees.

25) Richard Sheehan did not have just cause or excuse for damaging her property by removing trees, deconstructing outbuildings, and disturbing her septic system and Shelli Frazier does not have sufficient resources to redress the problems caused by Richard Sheehan.

26) Despite filing for bankruptcy, Richard Sheehan has assets or income from liquidating assets, beyond what he listed on his schedule of assets and liabilities.

27) He has advised the Court that he has not made any gifts or sold items of value.

28) However, he purchased property with his son's girlfriend (though he notes he is the only person named on the mortgage in his bankruptcy documents) and later gifted an interest in the property to his son under a Quit Claim Deed.

29) He sold items, using Craigslist and Facebook Marketplace, including his mobile home and a sawmill.

30) He allowed his neighbor to take a pile of steel.

31) He failed to list a Huffer Loader and a Skid Steer and vehicles.

32) He did not list guns, but as part of the District Court action, it was confirmed he received or retained the following: a Ruger 22 Pistol, 50 Cal Knight Black Powder Rifle, 22 Rifle, 410 Shotgun, Silver 30-30

Winchester, and Marlin 30-30. He also has a 270 Rifle and a Henry Golden Boy 17 Caliber Rifle.

33) Richard Sheehan has retained assets of sufficient value to address his obligations to Shelli Frazier.

34) Richard Sheehan's property in Powell County has timber, and the timber may be a source of additional assets to address his obligations.

35) Richard Sheehan should not be allowed to avoid his obligations by getting this Court to discharge his responsibilities.

36) Shelli Frazier recognizes that this hearing relates to the dischargeability of a debt, but as this is a court of equity, believes it may assist the Court to fully understand the assets, liabilities, and relative resources of the parties.

## V. DEFENDANT'S CONTENTIONS.

1. Defendant denies the contentions of the plaintiff.

2. The defendant did not intentionally and maliciously damage the plaintiffs' property and did not intentionally and maliciously commit waste to the property.

3. This is a proceeding to determine the dischargeability of a debt, not an objection to discharge. The time to object to discharge has long since expired and evidence concerning the schedules is irrelevant.

Nevertheless, the defendant denies the allegations made by the plaintiff with respect to the schedules.

**VI.　AGREED STATEMENT OF ISSUES TO BE TRIED.**

　　A.　Determine if the debt owed to Shelli Frazier by Richard Sheehan as listed on his Bankruptcy Petition is dischargeable.

　　B.　Determine what if any damages should this Court award Shelli Frazier.

　　C.　Determine if Shelli Frazier should be awarded her attorneys' fees and costs.

　　D.　Defendant asserts that there is no basis in the bankruptcy code for the award of attorneys fees in this proceeding.

**VII.　PLAINTIFF'S EXHIBITS.**

　　1.　Judgment Quieting Title.
　　2.　Transcript of October 9, 2018 Hearing.
　　3.　October 28, 2018 Order.
　　4.　February 19, 2019 Supreme Court Order.
　　5.　July 16, 2019 Order.
　　6.　September 30, 2019 Motion to Void Life Estate and Establish Damages.
　　7.　January 30, 2020 Order Entering Judgment Against Richard Sheehan and Terminating Life Estate.
　　8.　Breakdown of Hours for Cleaning Up Property.

9. Dump Fees.

10. Estimate for Repairing Power.

11. Estimate for Repairing Septic.

12. Iron Pile.

13. Sawmill Marketplace Ad.

14. List of Assets Inaccurately Identified.

15. Pictures of Property Damage and Debris.

**VIII. DEFENDANT'S EXHIBITS.**

A. Homestead Declaration.

B. Quit Claim Deed.

C. Title Certificate.

DATED this _____ day of November, 2020.

_____
Benjamin P. Hursh

APPROVED AS TO FORM AND CONTENT:

/s/ Jane E. Cowley
Jane E. Cowley
Attorney for Shelli Frazier


/s/Edward A. Murphy
Edward A. Murphy
Attorney for Richard T. Sheehan